NORTHWESTERN PUBLIC SERVICE COMPANY, A CORPORATION, APPELLEE, V. ESTHER JUHL, APPELLEE, IMPLEADED WITH CHARLES E. GRANTHAM, APPELLANT.

129 N. W. 2d 570

Filed July 17, 1964. No. 35701.

John P. Jensen, for appellant.

Tye, Worlock, Knapp & Tye, for appellee Northwestern Public Service Co.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action in replevin instituted by Northwestern Public Service Company, a corporation, plaintiff, in the county court of Buffalo County, Nebraska, on December 26, 1961, against Esther Juhl and Charles E. Grantham, defendants, to recover an air conditioner, or its value, and damages from the defendants. In the petition it was alleged that there was delivery of the conditioner to the defendant Juhl and installation was made in a cafe of which Grantham was lessee and of which Juhl was a sublessee from Grantham. The delivery was made pursuant to a conditional sales con-

tract between the plaintiff and Juhl. It was further alleged that the payments under the sales contract were delinquent, in consequence of which the action was instituted. It was further alleged that the defendants refused to deliver or to allow the plaintiff to take possession of the conditioner.

A writ of replevin was duly issued and served and in the officer's return he stated that he did not recover the property because of a denial of Grantham to permit him to enter the premises where it was located.

Pleadings were filed by Grantham and other proceedings were had the details of which do not require repetition here. No pleadings were filed by Juhl.

A trial was had at which time and at all times thereafter Juhl was in default. The trial proceeded as to both defendants and on April 4, 1962, a joint judgment was rendered in favor of the plaintiff and against the defendants for $1,000 and $8.75 costs. An appeal was taken from this decision by Grantham to the district court.

At no point up to and including the judgment of the county court was it asserted by any party that Grantham had any interest in or right of possession of the property which is the subject of action in this case. It is asserted by Grantham that the property involved is owned by his father who is the owner of the real estate under lease and sublease to the defendants, but the father has made no claim to anything involved herein.

On May 1, 1962, the plaintiff filed its petition on appeal in the district court which states substantially the same grounds of recovery as were stated in the pleadings in the county court except that here the alleged value of the property was $1,202.61 instead of $1,000, as found in the county court.

To this petition Grantham filed an answer the pertinent allegations of which are not materially different from his pleadings in the county court. A reply was filed

by the plaintiff but it contains nothing of pertinence materially different from what is contained in earlier pleadings.

On September 6, 1963, the district court, on motion of plaintiff, rendered judgment by default in favor of plaintiff and against Juhl for $1,200 with interest and for costs taxed at $42.95. This evidenced an understanding that the appeal of Grantham brought all parties including Juhl under the jurisdiction of the district court.

On October 24, 1963, the case was tried to a jury after which a verdict was returned in favor of the plaintiff, and whether the intention of the jury was that the verdict was to be applicable to both defendants is not disclosed by the charge to the jury. No judgment was rendered until October 28, 1963.

No issue of ownership was submitted to the jury by the instructions. In truth no issue was in actuality submitted for determination by the jury except the value of the interest of the plaintiff in the property in which it claimed an interest, and that it was entitled to recover on the basis of its proof of value.

The instructions do not designate the defendant or defendants against whom or which the plaintiff was entitled to have a recovery, if the evidence supported a right of recovery. In this light and in the light of the terms of the verdict returned the intention of the jury, that is whether it was intended that the verdict applied to one of the defendants or to both, cannot with any degree of certainty be ascertained.

The only instruction given relating to any matter in legal controversy except as to damage and proof thereof is the following: "You are instructed that in this case as a matter of law the plaintiff was entitled to possession of the heater and air conditioner in question on December 26, 1963 (1961), and had the right to remove the same from the premises where they were located."

The finding of the jury which was returned is as follows: "We, the Jury duly impaneled and sworn in the above entitled cause do find that the amount of plaintiff's recovery is $1202.61."

On October 25, 1963, 1 day after the return of the verdict, the plaintiff moved for vacation of the default judgment against Juhl which had been previously rendered for $1,200. This was after the verdict was returned and before any judgment was rendered against Grantham. This motion was sustained on October 28, 1963. Obviously thereafter on the same day a judgment was rendered against Grantham for $1,202.61.

On this day, not on the verdict returned by the jury under the instructions, but on an apparent analysis by the court of the verdict and the evidence relating to liability as between the two defendants, instead of rendering judgment on the verdict of October 24, 1963, the court rendered judgment against Grantham alone for $1,202.61 with interest and costs. It is from this judgment so rendered that Grantham has appealed.

The assignments of error in the brief of the appellant are of such a character that it could be said pursuant to provision of statute that the assignments of error do not direct attention to anything which amounts to reversible error, therefore the judgment should be affirmed. Section 25-1919, R. R. S. 1943, provides that on appeal the brief of appellant shall set out particularly each error asserted and intended to be urged for the reversal, vacation, or modification of the judgment, decree, or final order alleged to be erroneous. The same section of statute provides that the Supreme Court may, however at its option, consider a plain error not specified in the appellant's brief.

Section 25-1313, R. S. Supp., 1963, provides: "When a trial by jury has been had, judgment must be rendered by the court and entered by the clerk in conformity to the verdict, unless it is special, or the court order the

case to be reserved for future argument or consideration."

The record discloses that no legally tenable ground for reversal or modification of the judgment appears in the assignments of error, and it further indicates that there was no compliance with the direction of section 25-1313, R. S. Supp., 1963, or its alternatives.

Added to this there were questions presented by the proceedings necessary to be considered in the determination of the case which were ignored and not explored in the briefs of the parties to some of which attention will be directed.

In this area is the character of the action itself. As pointed out, the action was in replevin instituted in the county court which has jurisdiction in the matter of damages limited to $1,000. The action was tried in that court and no property having been recovered, a judgment was rendered in favor of the plaintiff and against both defendants for $1,000. This was obviously on the theory that the two defendants prevented the sheriff from securing the property under the writ of replevin. The record does not disclose whether the case proceeded as an action in trover for conversion or simply one for damages.

From the county court judgment Grantham took an appeal to the district court and Juhl did not. In the district court the plaintiff prayed for a judgment against the defendants for a return of the property in question or of its value in the amount of $1,202.61 and damages. Grantham filed responsive pleadings but Juhl did not, and of course she was in default.

By motion for summary judgment Grantham asserted that the district court was without jurisdiction to entertain the petition on appeal because the claim was in excess of the jurisdiction of the county court. This was denied. This was perhaps an incident of no great moment but since a jurisdictional matter was involved, exploration was at least desirable even if not necessary.

As pointed out, before the trial, the plaintiff by motion, although Juhl was in default, treated her as a joint party to the action with Grantham and obtained a judgment on the joint claim by default against Juhl for $1,200 which was only $2.61 less than the total of the claim. Did this have the legal effect of and amount to at that time a judgment barring a right of any further judgment? This is a matter of significance which has not been explored in the presentation on this appeal.

If this did amount to a total judgment could its effect be avoided, after a trial on the merits of the cause of action jointly pleaded against the defendants? This and other matters related thereto which it is not deemed necessary to mention here, has not been explored and presented by the briefs.

In the light of all that has been disclosed herein could it reasonably be said that with any degree of assurance of certainty that this court could, or should be required to, attempt to make an ultimate and binding declaration of the rights of the parties in this action? We think not.

Accordingly the judgment of the district court is reversed and the cause remanded to the district court for a new trial upon the legal and factual matters presented by the pertinent pleadings and the effect of the controlling factual considerations occurring during the proceedings up to and including the rendition of judgment.

REVERSED AND REMANDED WITH DIRECTIONS.

SPENCER, J., dissenting.

I find myself in complete disagreement with the majority opinion in this case. This is an appellate and not a trial court. The opinion points out that the assignments of error do not direct our attention to anything which amounts to reversible error. This should dispose of the appeal. While it is possible for this court to recognize obvious error, there is no plain error in this record requiring the application of that rule. It is not the province of this court to frame other issues to

deprive a party of a verdict rendered by a jury on the issue actually tried in the court below.

WHITE, C. J., and BOSLAUGH, J., join in this dissent.